UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK

**07 CV 11372**

------------------------------------------------------------x
JOYCE WOLF,                                    **JURY TRIAL DEMANDED**

          Plaintiff,

                                      COMPLAINT

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, "DOE", and LAURA RODRIGUEZ
In her official capacity as Superintendent of Region 10,
and Laura Rodriguez, Individually

          Defendant.
------------------------------------------------------------x

    Plaintiff, by and through her attorneys Wolf & Wolf LLP alleges as follows:

1. Plaintiff is a 66 year old Caucasian female residing at 640 Pelham Road Apt. 4G, New Rochelle, NY 10805

2. Defendant is, on information and belief, a public benefit corporation or an agency of the City of New York organized under and by virtue of the Laws of the State of New York.

3. Jurisdiction is conferred pursuant to Title VII of the Civil Rights Act [42 U.S.C.A §§2000(e) et seq.], the Age Discrimination in Employment Act [29 U.S.C.A § 621 et seq.], and the New York State Executive Law §296 et seq. ("The New York State Human Rights Law")

4. Venue is based upon the principal place of business of the Defendant DOE.

5. On or about February 28, 2007, the Plaintiff filed a charge of discrimination with the New York State Division of Human Rights, which was duly filed with the U.S. Equal Employment Opportunity Commission, ("hereinafter "EEOC"), alleging certain violations of

the Federal, State and City anti-discrimination laws (a copy of the Complaint is annexed hereto and made a part hereof as Exhibit "A.")

6. The Plaintiff received a "Right to Sue" letter from the EEOC dated September 25, 2007. Therefore, this action has been commenced in a timely manner (a copy of the Right to Sue is annexed hereto and made a part hereof as Exhibit "B.")

7. Plaintiff is an educator with more than 44 years of experience, the past fifteen of which were spent working as an Assistant Principal for the New York City Department of Education.

8. Plaintiff has always performed her job duties exceptionally, with a stellar attendance record and an exceptional work ethic.

9. Since August 2001, plaintiff has been employed in the capacity of an Assistant Principal at Public School 72 in the Bronx, New York.

10. From August 2001 through February 2007, the Principal of Public School 72 was Maria DiSalvio.

11. As of the 2003-2004 school year, plaintiff and DiSalvio were the only two supervisory staff at Public School 72.

12. Due to the abolishment of the position of supervisor of special education at PS 72, plaintiff's job duties increased exponentially absorbing into her daily routine Special Education functions for which her degrees and past experience qualified her.

13. Due to plaintiff's extensive experience in special education, which includes decades in the classroom and a Masters degree in the field, the loss of this position went unnoticed.

14. During her tenure at Public School 72, plaintiff's accomplishments include:

a) Assisting all new teachers in presenting effective learning techniques to students.

b) Directly supervised the English as a Second Language Program, which resulted in the school being designated in "Good Standing" by New York State in both English Language Arts and Mechanics.

c) Performed numerous observations of both new and seasoned staff and frequently paired staff for inter-visitations and customized professional development.

d) Initiated an early AM program to assist special education students who were not "home zoned" and expanded said program to accommodate more than 60 students on a daily basis.

e) Demonstrated exceptional knowledge as to each child's Individualized Educational Plan.

15. DiSalvio, as an active principal and executive board member of her district's CSA committee, was oftentimes out of the building.  Plaintiff was appointed "acting" Principal on those occasions and performed exceptionally and without incident in the sense that Plaintiff's supervisor's license covered for the building.

16. In December 2006, DiSalvio informed the Region that she would need to retire for health reasons.

17. When DiSalvio discussed her retirement with the Regional Superintendent Laura Rodriguez , principal DisSalvio recommended that plaintiff be assigned interim acting principal of Public School 72 given both her familiarity with the school, her superior performance while assigned there. and her rapport with the staff, all of which would minimize the impact of Principal DiSalvio's departure.

18. Rodriguez immediately rejected Disalvio's suggestion prior to any interview or even a visit to the school.

19. Rodriguez also stated to Disalvio, "There are new protocols", and its time for a minority.  Plaintiff is a "minority" among the pedagogical situation being of the Jewish Faith.

20. Thereafter, an interview panel, comprised predominately of Hispanics, selected Magarita Colon, a forty year old Hispanic individual who was not even born when plaintiff began her career as an educator, for the position of interim acting principal of Public School 72.

21. Subsequent to Colon's appointment as interim acting principal, the C-30 process under which members of the Parent Teacher Association interview and subsequently vote for a candidate for principal commenced.

22. Lucia Mariani, a teacher at Public School 72, was threatened with the closure of the school and forced to initiate the C-30 process in a 24 hour period.

23. That prior to the voting process the members of the voting committee favored plaintiff for the position.

24. That during the voting process, an individual fluent only in Spanish was brought in and asked to listen to the candidate interviews.

25. That notwithstanding the sentiments of the PTA board, defendant Rodriguez and the other members of the interview panel ignored the suggestions of the PTA members, removed the interim acting title, and appointed Margarita Colon the Principal of Public School 72.

26. That the aforesaid actions of the defendants were based entirely on plaintiff's age and/or ethnic and racial background and violated Federal (ADEA) (Title VII –ethnicity) and the corresponding laws of the State of New York, to wit, Executive Law §296.

WHEREFORE, plaintiff demands judgment against the defendants for an amount to be determined by a jury based on violations of Title VII, the ADEA, and the New York State Executive Law, together with costs to cover the action including legal fees.

Dated: Bronx, New York
       December 18, 2007

                            Yours, etc.

                            WOLF & WOLF LLP
                            910 Grand Concourse
                            Suite 1F
                            Bronx, New York 10451
                            (718) 410-0653

                            By: Jason M. Wolf, Esq. (JW 6332)

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS

| STATE DIVISION OF HUMAN RIGHTS on the Complaint of JOYCE WOLF, Complainant, v. CITY OF NEW YORK, DEPARTMENT OF EDUCATION, Respondent. |
|---|

VERIFIED COMPLAINT Pursuant to Executive Law, Article 15

Case No. **10116498**

Federal Charge No. 16GA701977

I, Joyce Wolf, residing at 640 Pelham Road, 4G, New Rochelle, NY, 10805, charge the above named respondent, whose address is 52 Chambers Street, Room 308, New York, NY, 10007 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of age, race/color.

Date most recent or continuing discrimination took place is 2/7/2007.

The allegations are:

1. I am 65 years of age (d.o.b. 6/23/1941), and Caucasian. Because of this, I have been subject to unlawful discriminatory actions.

2. SEE ATTACHED

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of age, race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I also charge the above-named respondent with violating the Age Discrimination in Employment Act (ADEA) as amended (covers ages 40 years of age or older in employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S.

NEW YORK STATE: EXECUTIVE LAW
DIVISION OF HUMAN RIGHTS
------------------------------------------------X
JOYCE WOLF                                             Case No.
            Complainant,

     -against-                                       VERIFIED COMPLAINT

NEW YORK CITY DEPARTMENT OF
EDUCATION, LAURA RODRIGUEZ,
and DOV ROKEACH

            Respondents.

------------------------------------------------X

     Plaintiff, Joyce Wolf, by and through her attorneys, Wolf & Wolf, LLP, and states and alleges as follows:

     1.    This action is authorized and instituted pursuant to New York State Human Rights Law [Executive Law § 296 et seq.] and Title VII of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e et seq.] and age discrimination for relief based on an unlawful employment practice by Respondents.

     2.    Plaintiff is an individual, residing at 640 Pelham Road, 4G, New Rochelle New York 10805. Tel. 646-552-3184. She is 65 years old, born 6/23/41,

     3.    Respondent Department of Education, is, on information and belief, a public benefit corporation or an agency of the City of New York.

4. Respondent Laura Rodriguez is Superintendent of Region #2 Bronx, New York and is Hispanic.

5. Respondent Dov Rokeach is Superintendent of District 8.

6. Complainant since August 2001 functioned as Assistant Principal of P.S. 72 located at 2951 Dewey Ave. Bronx. New York.

7. On or about February 7, 2007 the principal Maria DiSalvio retired.

8. Prior to her retiring she was intermittently ill and the complainant ran the school when Ms. DiSalvio was out.

9. Instead of appointing complainant as interim acting principal, the respondents chose Margarita Colon who is Hispanic, and nineteen and one half years younger than complainant and not as qualified as the complainant who has done her job in a good and satisfactory manner [ a copy of her resume is attached ] and was recommended for the job by the retiring principal.

AS A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION

10. Respondents have violated the Federal, City, and State laws against age discrimination.

## AS A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION

11. Respondents have violated the Federal, City, and State laws against race discriminated against the complainant who is Caucasian by appointing a Hispanic as interim acting principal.

**WHEREFORE**, Plaintiff prays for an order as follows:

(a)  Appointing her interim acting principal of P.S. 72.

(b)  For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

Dated:    Bronx, New York
          February 26, 2007

```
                                    Jason M. Wolf, Esq.
                                    WOLF & WOLF, LLP
                                    Attorneys for Complainant
                                    910 Grand Concourse, Ste. 1F
                                    Bronx, New York 10451
                                    (718) 410-0653
```

## VERIFICATION

     JASON M. WOLF, an attorney duly admitted to practice law in the State of New York, hereby affirms under penalty of perjury that: he is the attorney for the complainant in the above-named complaint, and has read the allegations therein and swears under penalties of perjury that the allegations therein are true save for those sworn on information and belief, and as to those she believes them to be true. The reason why affirmant makes this verification is that the complainant lives in a different County than the County of Bronx which is where the affirmant has its offices. The basis for affirmant's belief is conversations with the complainant, and a review of documentation supplied to him.

                                                  JASON M. WOLF

Affirmed on February 26, 2007
in Bronx County

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Joyce Wolf
640 Pelham Road, 4G
New Rochelle, NY 10805

EEOC Charge Number: 16GA701977
NYSDHR Case Number: 10116498

## NOTICE

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[X] Title VII of the Civil Rights Act of 1964, as amended -- If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[ ] The Americans with Disabilities Act of 1990 (ADA) -- Same as Title VII, above.

[X] The Age Discrimination in Employment Act of 1967, as amended (ADEA) -- If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: March 7, 2007

Page 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

**EEOC REVIEW PROCEDURE**

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review. This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination. Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only. Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.


Date: March 7, 2007


cc:   Wolf & Wolf, LLP
      910 Grand Concourse, Ste.1F
      Bronx, NY 10451

Page 2

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joyce Wolf<br>640 Pelham Road, 4G<br>New Rochelle, NY 10805 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-01977 | **Holly M. Woodyard,** Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **Charging Party to Pursue Matter in Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     9/25/07

Spencer H. Lewis, Jr., Director     *(Date Mailed)*

Enclosures(s)

cc:    **CITY OF NEW YORK, DEPT OF EDUCATION**
52 Chambers Street, Room 308
New York, NY 10007
Attn: Katherine G. Rodi Esq.

Jason M. Wolf, Esq.
Wolf & Wolf LLP
910 Grand Concourse Suite 1F
Bronx, NY. 10451

UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK
-----------------------------------------------------------------x
JOYCE WOLF,                                                              **JURY TRIAL DEMANDED**

                Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, "DOE", and LAURA RODRIGUEZ
In her official capacity as Superintendent of Region 10,
and Laura Rodriguez, Individually

                Defendant.
-----------------------------------------------------------------x

**COMPLAINT**

**WOLF & WOLF LLP**
910 Grand Concourse, Suite 1F
Bronx, New York 10451
(718) 410-0653

By: Jason M. Wolf, Esq. (JW 6332)