UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOYCE WOLF,

                               Plaintiff,         **ANSWER**

               -against-                  07 Civ. 11372 (MGC)

NEW YORK CITY DEPARTMENT OF EDUCATION,    **Filed Via ECF**
"DOE", and LAURA RODRIGUEZ, In her official
capacity as Superintendent of Region 10, and Laura
Rodriguez, Individually,

                             Defendants.

------------------------------------------------------------------- x

        Defendants New York City Board of Education (also known as and being sued herein as the New York City Department of Education and/or "DOE" (hereinafter "BOE")) and Laura Rodriguez, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that BOE has offices at 52 Chambers Street, New York, New York 10007 and respectfully refer the Court to N.Y. Education Law § 2590-g(2) for a complete and accurate description of the powers and duties of the Board of Education.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to set forth the basis of jurisdiction as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admit that, upon information and belief, plaintiff filed a Verified Complaint with the New York State Division of Human Rights ("SDHR") on or about February 26, 2007, that a charge of discrimination was received by the Equal Employment Opportunity Commission ("EEOC"), and that this charge was assigned No. 16G-2007-01977.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that, upon information and belief, EEOC issued a right to sue letter with respect to Charge No. 16G-2007-01977 to plaintiff, via her attorneys, on or about September 25, 2007.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff has been an Assistant Principal with BOE since on or about June 23, 1993.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Admit the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, including all subparts.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that in or around December 2006 Maria DiSalvio informed Superintendent Laura Rodriguez that she was retiring.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that on or around January 11, 2007, Margarita Colon was unanimously selected by a panel of five individuals to become the interim acting principal of Public School 72.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that the C-30 process for selecting the new Principal of Public School 72 commenced in or around June 2007.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that as a result of the C-30 process Margarita Colon was selected as the Principal of Public School 72 on or around June 21, 2007.

26. Deny the allegations set forth in paragraph "26" of the complaint.

### AS AND FOR A FIRST DEFENSE:

27.     The complaint fails to state any claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

28.     This Court lacks jurisdiction over any claims contained in the federal complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC and/or SDHR and must be dismissed for failure to exhaust administrative remedies.

### AS AND FOR A THIRD DEFENSE:

29.     All actions taken by defendants with respect to plaintiff were undertaken for legitimate business reasons.

### AS AND FOR A FOURTH DEFENSE

30.     Plaintiff may not recover punitive damages against defendant BOE.

### AS AND FOR A FIFTH DEFENSE

31.     Individually-named defendants are not subject to liability under Title VII.

### AS AND FOR A SIXTH DEFENSE

32.     Plaintiff may not recover non-economic damages pursuant to the Age Discrimination in Employment Act.

### AS AND FOR A SEVENTH DEFENSE

33.     Plaintiff has failed to comply with N.Y. Educ. Law § 3813 and no notice of claim has been filed.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, denying all relief requested therein, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 20, 2008

                      **MICHAEL A. CARDOZO**
                      Corporation Counsel of the
                        City of New York
                      Attorney for Defendants
                      100 Church Street, Room 2-108
                      New York, New York  10007
                      (212) 788-0879
                      bsitaras@law.nyc.gov

By:   _/s/ Basil C. Sitaras_____
       Basil C. Sitaras (BS-1027)
       Assistant Corporation Counsel

To:   **WOLF & WOLF, LLP**
      Attorneys for Plaintiff
      910 Grand Concourse, Ste. 1F
      Bronx, New York 10451
      (718) 410-0653

07 Civ. 11372 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE WOLF,

                    Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, "DOE", AND LAURA RODRIGUEZ, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF REGION 10, AND LAURA RODRIGUEZ, INDIVIDUALLY,

                    Defendant.

## ANSWER

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, 2-108
New York, New York 10007

Of Counsel:  Basil C. Sitaras
Tel: (212) 788-0879

Matter No. 2008-000288

*Due and timely service is hereby admitted.*

New York, N.Y. ............................................, 200 .

Signed..................................................................

Attorney for..........................................................