UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JOYCE WOLF,

                                Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, "DOE", and LAURA RODRIGUEZ, In
her official capacity as Superintendent of Region 10,
and Laura Rodriguez, Individually,

                                Defendants.

------------------------------------------------------------ x

**STIPULATION AND
PROTECTIVE ORDER**

07 Civ. 11372 (MGC)

       **WHEREAS**, plaintiff has sought certain documents from Defendants New York City Board of Education ("BOE") (being sued herein and also known as the "New York City Department of Education" or "DOE") and Laura Rodriguez in discovery in this action, documents which Defendants deem confidential; and

       **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

      1.    As used herein, "Confidential Materials" shall mean counsel all documents provided to plaintiff's counsel by Defendants' concerning the selection, assignment and appointment of principals and assistant principals pursuant to Chancellor's Regulation C-30, or contained in the personnel, medical, disciplinary, time and attendance, labor relations, Equal Employment Opportunity ("EEO"), investigative, or other files of the BOE, concerning a current or former New York City Board of Education employee and the information contained therein,

except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than Defendant, or (b) are otherwise publicly available.

2. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and a copy shall be furnished to Defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials or revealing the content of any Confidential Materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper incorporating or attaching any Confidential Materials or revealing the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant New York City Board of Education's use of the Confidential Materials in any manner.

Dated: New York, New York
~~June~~ 23, 2008
July

WOLF & WOLF, LLP
Attorneys for Plaintiff
910 Grand Concourse, Ste. 1F
Bronx, New York 10451
(718) 410-0653

By: _____
Jason Wolf, Esq. (JW-6533)

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-108
New York, N.Y. 10007
(212) 788-0879

By: _____
Basil C. Sitaras (BS-1027)
Assistant Corporation Counsel

SO ORDERED: Subject to modification by the court as the interest of justice may require.

_____
U.S.D.J.
July 25, 2008